J-S39042-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ELLIOT S. ELLISON | : | |
| | : | |
| Appellant | : | No. 946 EDA 2025 |

Appeal from the PCRA Order Entered March 18, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0306982-1994

BEFORE:  STABILE, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED JANUARY 5, 2026**

Elliot S. Ellison ("Ellison") appeals *pro se* from the order dismissing without a hearing his serial petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  We affirm.

In January 1994, Ellison and two co-conspirators engaged in an armed robbery of a store.  *See Commonwealth v. Ellison*, No. 00403 Philadelphia 1994 (Pa. Super. 1997) (unpublished memorandum, at 1-2 (unnumbered)). During the robbery, one of Ellison's co-conspirators shot and killed an assistant store manager, while Ellison shot a store employee, Dorrell Nelson ("Nelson"), in the leg.  *See id*. at 2 (unnumbered).  Of pertinence to the instant appeal, at trial Nelson identified Ellison as the man who shot him;

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

moreover, a store customer identified Ellison as one of the participants and stated Ellson was armed with a handgun. ***See id***. at 2 (unnumbered). Ellison testified on his own behalf and admitted to his participation in the conspiracy to rob the store and his armed presence during the robbery, although he denied shooting Nelson. ***See id***. at 3 (unnumbered).

In March 1995, the trial court convicted Ellison of second-degree murder and related offenses. ***See id***. at 1 (unnumbered). The trial court subsequently sentenced Ellison to an aggregate sentence of life in prison. ***See*** Commonwealth's Brief at 4. This Court affirmed the judgment of sentence on August 2, 1997. ***See Commonwealth v. Ellison***, ***supra***, at 1 (unnumbered). Ellison did not seek leave to appeal to the Pennsylvania Supreme Court.

In August 2012, Ellison filed a PCRA petition, which the court later dismissed. ***See*** Commonwealth's Brief at 4.

Ellison filed the instant petition *pro se* in October 2023. ***See*** PCRA Court Opinion, 3/18/25, at 1 (unnumbered). The PCRA court subsequently issued a notice of intent to dismiss Ellison's petition pursuant to Pa.R.Crim.P. 907. Ellison filed a response. The PCRA court dismissed the petition in March 2025. This timely appeal followed.[2]

Ellison raises three issues for our review:

I. Did the PCRA court err[] when it deemed [Ellison's] successive petition untimely?

---

[2] The PCRA court did not order Ellison to file a Rule 1925(b) statement. It issued an opinion in March 2025.

- 2 -

II.     Did the PCRA court err[] when it found the Commonwealth did not violate [**Brady v. Maryland**, 373 U.S. 83 (1963)]?

III.    Did the PCRA court err[] when it failed to find the Commonwealth's extension of leniency to the key witness in exchange for testimony was a "deal"?

Ellison's Brief at 5 (capitalization and indentation regularized).

Our standard of review of an order dismissing a PCRA petition is well settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

**Commonwealth v. Staton**, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotation marks omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." **Commonwealth v. Wholaver**, 177 A.3d 136, 144–45 (Pa. 2018). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." **Id**. at 145 (internal citation omitted).

We must initially determine whether the PCRA court had jurisdiction to adjudicate Ellison's petition. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the

merits of the issues raised if the PCRA petition was not timely filed. **See Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii).

Ellison's judgment of sentence became final on September 2, 1997, when thirty days passed from the date this Court affirmed the judgment of sentence[3] and Ellison did not seek leave to appeal from the Pennsylvania Supreme Court. **See** Pa.R.A.P. 1113; **see also** 42 Pa.C.S.A. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"). Accordingly, Ellison had until September 2, 1998, to file a timely PCRA petition. **See** 42 Pa.C.S.A. § 9545(b)(1). Ellison's serial PCRA petition, filed in October 2023, is facially untimely.

---

[3] September 1, 1997, was a holiday and is omitted for the computation of time. **See** 1 Pa.C.S.A. § 1908.

Ellison states his claim falls within the governmental interference[4] and the newly discovered fact exceptions to the PCRA's timeliness requirements.[5] **See** 42 Pa.C.S.A. § 9545(b)(1)(i), (ii); **see also** Ellison's Brief, at 11-30. The Pennsylvania Supreme Court has repeatedly stated it is the appellant's burden to plead and offer to prove in the petition itself that one of the above-enumerated exceptions applies. **See, e.g.**, **Commonwealth v. Abu-Jamal**, 941 A.2d 1263, 1268 (Pa. 2008); **Commonwealth v. Wharton**, 886 A.2d 1120, 1126 (Pa. 2006). Additionally, a petitioner must also demonstrate he raised his claim within one year of the time his claim could have been presented with the exercise of due diligence. **See** 42 Pa.C.S.A. § 9545(b)(2).

Ellison's government interference argument is wholly dependent on his newly discovered fact assertion. Therefore, we address that claim first. Ellison baldly asserts Nelson had "an unspoken arrangement" with the Commonwealth to testify against him in return for leniency on Nelson's outstanding charges. **See** PCRA Petition, 10/17/23, at 14-16. In support of this claim, Ellison states Nelson, despite the existence of an outstanding bench warrant against him, "mysteriously" appeared in court to testify at Ellison's

---

[4] This exception applies when there is "interference by government officials with the presentation of the claim[.]" 42 Pa.C.S.A. § 9545(b)(1)(i).

[5] This exception applies when "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii).

trial,[6] left without consequence after testifying, and approximately one month later entered a guilty plea in an unrelated matter for which he received a lenient sentence. *See id*. at 14; *see also id*. at 13-16.

The PCRA court explained Ellison "failed to substantiate the alleged fact[.]" PCRA Court Opinion, 3/18/25, at 2 (unnumbered). It found the facts Nelson was not arrested at trial and pleaded guilty in an unrelated matter weeks after his testimony were insufficient to show the existence of an undisclosed deal between Nelson and the Commonwealth. *See id*. Moreover, the PCRA court concluded Ellison had not exercised due diligence, as the events in question all happened in 1995, and Ellison failed to explain why he did not "discover" them for two decades. *See id*. at 2-3 (unnumbered).

Ellison's petition and brief on appeal consist of unsupported speculation without supporting evidence. *See* PCRA Petition, 10/17/23, at 14-16; Ellison's Brief at 13-18. His claim fails for that reason alone. *See Abu-Jamal*, 941 A.2d at 1268; *Wharton*, 886 A.2d at 1126. Further, Ellison has not shown he exercised due diligence in obtaining this allegedly new fact. A petitioner must "demonstrate he did not know the facts upon which he based his petition and could not have learned the new fact(s) earlier with the exercise of due diligence." *Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015), citing 42 Pa.C.S.A. § 9545(b)(2). Here, Ellison's petition demonstrates he

_____

[6] The Commonwealth notes Nelson did not appear voluntarily at trial but by subpoena. *See* Commonwealth's Brief at 12.

believed, at the time of trial, Nelson made a deal with the Commonwealth. *See* PCRA Petition, 10/17/23, at 14-16. He admits that, at trial, his attorney cross-examined Nelson about the existence of the bench warrant and the failure of the police to arrest him. *See id*. at 14-15. Moreover, he attached to his petition a copy of a letter he sent to trial counsel *approximately one month after his conviction*, expressing his belief Nelson had an agreement with the Commonwealth and asking counsel to investigate it. *See id*. at Exhibit D. Moreover, Nelson also contacted first PCRA counsel with the same allegations and asked him to investigate. *See id*. at Exhibit E. Ellison fails to explain his failure to undertake his own investigation at an earlier date, where his belief dated from the time of trial. Thus, he failed to show he complied with the due diligence requirement of 42 Pa.C.S.A. § 9545(b)(1)(2). *See Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001) (rejecting an appellant's attempt to invoke section 9545(b)(1)(ii) because he failed to offer any evidence, he exercised due diligence in obtaining facts upon which his claim was based); *Brown*, 111 A.3d at 178 (same).

Because Ellison's governmental interference claim depends on his belief there was an "unspoken agreement" between Nelson and the Commonwealth, and we have concluded the PCRA court did not err in finding Ellison neither proved the existence of such an agreement nor showed he exercised due diligence, we need not address this claim further. Ellison's claims do not

establish a time-bar exception, and the PCRA court thus did not have jurisdiction to review the merits of his claims.

Accordingly, we affirm the denial of Ellison's serial PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/5/2026